IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT BARD,  :
      Petitioner  :
v.  : Case No. 3:20-cv-75-KAP
VICKIE MOSER, WARDEN,  :
F.C.I. LORETTO,  :
      Respondent  :

<u>Memorandum Order</u>

    This is a consent case under 28 U.S.C.§ 636(c)(1). The petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3) is dismissed.

    Petitioner is at F.C.I. Loretto, serving term of 262 months imprisonment imposed in the United States District Court for the Middle District of Pennsylvania, <u>United States v. Bard</u>, Case no. 1:12-cr-00181-SHR-1 (M.D.Pa. July 31, 2014)(Honorable Sylvia H. Rambo), aff'd 625 Fed.Appx. 57 (3d Cir. 2015), after a jury convicted petitioner of 21 counts of securities fraud, investment advisor fraud, wire fraud, mail fraud, bank fraud, and making false statements.

    In April 2020, the petitioner submitted a "Motion for Compassionate Release/Home Confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" to this court. I advised the petitioner that the sentencing court can, upon a motion by the Director of the BOP or a defendant, reduce the term of a sentence it imposed for "extraordinary and compelling reasons[.]" 18 U.S.C. § 3582(c)(1)(A)(i), but that this court could not.

    Petitioner accordingly filed his Section 3582 motion with Judge Rambo in late June 2020, see ECF no. 214 at <u>United States v. Bard</u>, Case no. 1:12-cr-00181-SHR-1 (M.D.Pa.), and Judge Rambo appointed counsel. She denied that motion on September 3, 2020, <u>id.</u> at ECF no. 229, observing:

    CJA Counsel Kyle Rude has zealously and carefully represented Mr. Bard in this matter today. Nonetheless, he cannot overcome the fact that the § 3553(a) factors weigh overwhelmingly against releasing Mr. Bard early. As such, the court will deny the motion.

    Mr. Bard has arguably made a showing of a compelling and extraordinary circumstance. He suffers from obesity, which is the one of the most significant COVID-19 co-morbidities, and he is in a facility that has already had multiple people contract COVID-19. He thus faces a real risk of contracting COVID-19 and suffering significant symptoms from it.

    Nonetheless, Mr. Bard has repeatedly showed the court--and continues to do so today--that he has shown no remorse for his crimes and will continue to pose a significant danger to the community if he does not serve his full sentence. Mr. Bard is in prison for successfully executing a long-deliberated and coldly calculated fraudulent scheme targeting vulnerable people that left many in total financial ruin. In multiple previous

1

orders--including during Mr. Bard's original sentencing hearing--the court noted that Mr. Bard appeared to be flagrantly disregarding any culpability for this wrongdoing. In fact, in Mr. Bard's own words before the court today, Mr. Bard describes himself as "impeccable." Mr. Bard has not learned from his time in prison, and he needs to serve his full sentence to protect the public from him inflicting further wrongdoing upon them. As such, the motion is hereby denied.

There was no appeal from Judge Rambo's decision. In this court, petitioner now seeks to use the habeas corpus statute to advance the same challenge to the Bureau of Prisons' decision to deny his application for release to home confinement under § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act, ("CARES Act," Pub. L. No. 116-136, 134 Stat. 281 (March 27, 2020)) that he advanced in his Section 3582 motion.

A federal inmate's court of confinement does have jurisdiction under the habeas statute, 28 U.S.C § 2241, to consider challenges to the execution of his federal sentence. See e.g. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir.2005). Just as with Section 3582 motions, petitions under 28 U.S.C.§ 2241 require exhaustion of remedies for any claims submitted to the Court. Compare United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) with Arias v. U.S. Parole Commission, 648 F.2d 196, 199 (3d Cir. 1981).

But whether its claims were exhausted or not, a habeas petition under 28 U.S.C § 2241(c)(3) provides a remedy only for "custody in violation of the Constitution or laws or treaties of the United States." Both the text and the historical origin of the text of the habeas corpus statute make it clear that while the quoted provision gives this court the power to order release from illegal custody, Preiser v. Rodriguez, 411 U.S. 475, 486 n.7 (1973), it does not give the court a general power to modify custodial decisions of the Bureau of Prisons. Claims seeking release or modification of custody because the conditions of an inmate's confinement are injurious, except for the singular distinction made in Woodall between halfway houses and prisons, are not cognizable in habeas corpus. The Court of Appeals for the Fourth Circuit recently observed, Wilborn v. Mansukhani, 795 Fed.Appx. 157, 163 (4th Cir. 2019), that seven of the ten circuits that have addressed the issue in a published decision have expressly concluded that claims challenging the conditions of confinement cannot be brought in a habeas petition. That includes this circuit. Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).

As a result, courts have properly been holding that Covid-19 based habeas petitions are simply not cognizable because, as urgent as the claimants may be, Covid-19 claims are claims challenging the conditions of confinement, not the legality of confinement. See e.g. United States v. Johnson, 451 F. Supp. 3d 436, 443 (D. Md. 2020).

There is a second, nonjurisdictional, reason why this court would not consider this habeas petition. Once exhaustion of administrative remedies has taken place, review by a court of any Covid-19 claims in a Section 3582 motion is proper. It is obvious that an

2

inmate who presents exactly the same claims with exactly the same evidence in a habeas petition that he presents in a Section 3582 motion is nakedly asking the court that by happenstance is in the location where the inmate is confined not only to overrule the sentencing judge despite her familiarity with the defendant and the reason for the sentence, but also to do so *de novo*, without being bound by the more deferential abuse of discretion standard that the Court of Appeals would have used. See United States v. Caraballo-Martinez, 866 F.3d 1233, 1238 (11th Cir. 2017)(*de novo* review of questions of statutory interpretation, abuse of discretion review of a district court's decision to grant or deny a sentence reduction). That would make the standard of review of the release decision turn on whether the inmate appealed from the sentencing judge's ruling. To construe the scope of habeas corpus to permit two such divergent paths is *prima facie* not a correct construction.

An inmate would be forbidden by the abuse of the writ doctrine from repeatedly submitting in successive habeas petitions the "exact [same] claims or their close cousins." Alden v. Warden, U.S. Penitentiary Allenwood, 444 Fed.Appx. 514, 516 (3d Cir. 2011). It would not make any sense to entertain a habeas petition that raises the same claims that the petitioner presented or could have presented to the sentencing judge in a Section 3582 motion. A habeas petitioner cannot shop for a favorable forum, whether the shopping is done by two habeas petitions or by a Section 3582 motion followed by a habeas petition.

The petition is dismissed for lack of jurisdiction without prejudice to submitting to the sentencing court any subsequent Section 3582 motion made appropriate by a sufficient change in circumstances.

The ancillary motions that petitioner has filed during the pendency of this petition seeking release, ECF no. 19, ECF no. 23, are denied: the court has no power to release an inmate as an interim measure when the court has no jurisdiction to consider releasing the inmate at all. The motion at ECF no. 20 to supplement the record is granted.

The Clerk shall mark this matter closed.

DATE: 15 December 2020

*[signature]*
Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Robert Bard, Reg. No. 70720-067
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630