IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BARD, | : |
|         Petitioner | : |
|     v. | : Case No. 3:20-cv-75-KAP |
| VICKIE MOSER, WARDEN, | : |
| F.C.I. LORETTO, | : |
|         Respondent | : |

## Memorandum Order

Petitioner's "Motion Requesting Reconsideration ..." at ECF no. 27, whether it was intended under Rule 59 or Rule 60, is denied without need of a response.

Petitioner does not suggest an intervening change in controlling law or the availability of new evidence and does not show the need to correct a clear error of law or prevent manifest injustice. *See* Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir.2013)(discussing three purposes of motion under Fed.R.Civ.P. 59(e)).

At most, petitioner might have argued that I should have explained why I do not consider Hope v. Warden York County Prison, 972 F.3d 310, 325 (3d Cir. 2020)(holding that immigration detainees' claim, that Covid-19 made unconstitutional the conditions of their confinement in Department of Homeland Security custody at facilities in York County and Pike County, was cognizable in habeas) to confer jurisdiction. To the extent that needs explanation, that is because Hope v. Warden York County Prison addressed claims by immigration detainees, not sentenced defendants, and had no occasion to consider a re-write of habeas law generally that would make Section 3582 superfluous and *de facto* repeal the Prison Litigation Reform Act provisions discussed in footnote 6. *See* id., 972 F.3d at 333 n.6. Any argument petitioner may want to make for an expansion of habeas jurisdiction must be made in the Court of Appeals.

DATE: 29 January 2021

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Robert Bard, Reg. No. 70720-067
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630

1